UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ANTHOULA N. BANUSHI           :
                              :
       v.                     :      C.A. No. 04-485A
                              :
JO ANNE B. BARNHART, Commissioner, :
Social Security Administration :

**MEMORANDUM AND ORDER**

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Social Security Disability Insurance ("SSDI") benefits under the Social Security Act ("Act"), 42 U.S.C. § 405(g). Plaintiff filed her Complaint on November 17, 2004 seeking to reverse the decision of the Commissioner. Plaintiff filed a Motion to Reverse and/or to Remand on September 19, 2005. The Commissioner filed a Motion for an Order Affirming the Decision of the Commissioner on October 11, 2005. With the consent of the parties, this case has been referred to me for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Based upon my review of the record, my independent research, and my review of the legal memoranda filed by the parties, I order that this case be transferred to the U.S. District Court for the District of Massachusetts due to improper venue in this District.

I.     **PROCEDURAL HISTORY**

Plaintiff filed an application for SSDI on October 18, 2002, alleging disability commencing on April 17, 2002. (Tr. 109-111). The application was denied initially, (Tr. 71, 73-76, 164-172), and on reconsideration. (Tr. 72, 78-81, 185-192).

On April 26, 2004, a hearing was held before Administrative Law Judge Martha H. Bower (the "ALJ"), at which Plaintiff, represented by counsel, a vocational expert and a medical expert appeared and testified. (Tr. 25-70). The ALJ issued a decision on July 19, 2004, finding that Plaintiff was not disabled within the meaning of the Act. (Tr. 13-24). The Appeals Council denied Plaintiff's request for review on September 16, 2004, (Tr. 8-11), rendering the ALJ's decision the final decision of the Commissioner, subject to judicial review. A timely appeal was then filed with this Court.

Plaintiff's Complaint is silent as to the location of her residence. In addition, the Civil Cover Sheet filed with Plaintiff's Complaint does not disclose her "county of residence" as requested on Form JS-44. The record consistently indicates that Plaintiff was a resident of Attleboro, Massachusetts and that her claim for benefits was initiated at a Social Security branch office in Attleboro, Massachusetts. It also appears from the record that Plaintiff's medical treatment occurred exclusively in Massachusetts and that her prior work history (going back at least several years from her alleged onset of disability) was in Massachusetts. There is no indication that Plaintiff has ever operated her own business. While Plaintiff may no longer be living in Attleboro, research reveals that she still currently resides in Massachusetts.

## II.   VENUE

Judicial review of Social Security determinations is governed by 42 U.S.C. § 405(g). Section 405(g) specifically provides that such actions:

> shall be brought in the district court of the United States in which the plaintiff resides, or has his principal place of business, or if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g) (emphasis added). Since Plaintiff is and has been a resident of Massachusetts, she was required to bring this action in the U.S. District Court for the District of Massachusetts. See, e.g., Korenchuk v. Sullivan, No. 5:92 CV 00453, 1993 WL 90342 at *4 (D. Conn. Jan. 13, 1993) (since Plaintiff resided in New York, court found venue improper in the District of Connecticut pursuant to § 405(g) and transferred case). Thus, this Court lacks subject matter jurisdiction over this action and must transfer this action to the proper venue, the U.S. District Court for the District of Massachusetts. See, e.g., Fioravante v. Barnhart, No. 02 Civ. 8008, 2002 WL 31422887 at *1 (S.D.N.Y. Oct. 29, 2002) (social security appeal transferred to District in which Plaintiff resides pursuant to § 405(g)).

### III.   CONCLUSION

For the reasons discussed above, I order that this action be promptly transferred for disposition to the U.S. District Court for the District of Massachusetts due to improper venue in this District.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 18, 2005